**This order is SIGNED.**

**Dated: April 2, 2020**

*William J. Thurman*



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

---

*Prepared and submitted by:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Attorneys for Charles and Laurel Canfield, Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:   CHARLES CANFIELD and LAUREL CANFIELD,<br><br>Debtors. | Bankruptcy No. 18-25786 (WTT)<br><br>Chapter 11 |

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
OF DEBTORS' PLAN OF REORGANIZATION DATED MARCH 27, 2020 UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

This matter came before the Court on April 2, 2020, at 1:00 p.m. (the

"**Confirmation Hearing**") to consider confirmation of the *Debtors' Plan of*

*Reorganization dated March 27, 2020* [Docket No. 157] (the "**Plan**"), filed by Charles

Canfield and Laurel Canfield, the debtors and debtors-in-possession in the above-

captioned case (the "**Debtors**").  George Hofmann and Jeffrey Trousdale appeared on

behalf of the Debtors.  Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Debtors' *Memorandum of Law in Support of Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [Docket No. 159] other papers filed concerning the Plan [*e.g.*, Docket Nos. 140, 149, 150, 151, 156, 158, 160], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A.    Exclusive Jurisdiction; Venue; Core Proceeding.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    Judicial Notice.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

[2]    Capitalized terms used but not otherwise defined herein are defined in the Plan.

C.    <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and

sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on

and filing objections to the Plan, were given to all known holders of Claims and Interests

in accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and

relevant ballots were transmitted and served in substantial compliance with the

Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such transmittal and

service were adequate and sufficient. Any modifications of and to the Plan, including the

modifications made under the Plan filed on March 29, 2020, are immaterial in that they

do not adversely change the treatment under the Plan of any creditor, and only affect

specific creditors who were involved in negotiating for and requesting such

modifications, and under Bankruptcy Rule 3019(a), the modifications are deemed

accepted by all creditors who have previously accepted the Plan. No other or further

notice of the Plan or Confirmation Hearing is or shall be required.

D.    <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the

Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other

applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

Based on the record before the Court in the Bankruptcy Case, the Debtors acted in

"good faith" within the meaning of § 1125, and are entitled to the protections afforded by

§ 1125(e).

E.    <u>Distribution</u>.  All procedures used to distribute the solicitation materials to

the applicable holders of Claims and to tabulate the ballots were fair and conducted in

---

[3]    Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the

Bankruptcy Court, and all other rules, laws, and regulations.

   F. <u>Creditors' Acceptance of Plan</u>.  The Plan establishes seven Classes of

Claims.  Class 1 had no Claims.  Classes 2, 3, 4, 5, 6, and 7 were impaired and were

entitled to vote on the Plan. Only one creditor, in Class 6, timely returned a ballot voting

to accept the Plan. There were two objections to the Plan, but both objections were

withdrawn prior to the Confirmation Hearing, and there are no objections outstanding.

Under the binding precedent of <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68

(10th Cir. 1988), holders of unimpaired Claims that did not return ballots are deemed to

have accepted the Plan. Creditor UHEAA, in Class 6, is impaired, and has voted in

favor of the Plan. Its vote, and the lack of objections or negative votes from any other

Classes, allows the Court to hold that Class 6 has accepted the Plan. Those Creditors

who are impaired, but did not vote, are bound by the Class that accepted the Plan.

Accordingly, the Court finds the Debtor meets the voting requirements under

Bankruptcy Code § 1129(a)(8) and (a)(10).

   G. <u>Plan Complies with Bankruptcy Code</u>.  The Plan, as supplemented and

modified by the Confirmation Order, complies with the applicable provisions of the

Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i. <u>Proper Classification</u>.  The Claims placed in each Class are

substantially similar to other Claims in each such Class.  The Plan properly

classifies Claims.  In addition to Administrative Expense Claims and Priority Tax

Claims, which are not classified under the Plan (or, to the extent that Priority Tax

Claims are treated in Classes 2 and 3, those Classes of Claims include treatment

of the Holders other, non-Priority Tax Claims, and such classification and treatment was consented to by such holders), the Plan designates various separate Classes of Claims based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims under the Plan.  Finally, the Classes do not unfairly discriminate between Holders of Claims, unless and except as otherwise consented to by such Holders.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

ii.      <u>Specify Unimpaired Classes</u>.  Classes 1, 2, 3, 4, 5, 6, and 7 are designated as impaired Classes under the Plan.  No Classes are unimpaired. Thus, § 1123(a)(2) is satisfied.

iii.      <u>Specify Treatment of Impaired Classes</u>.  Classes 1, 2, 3, 4, 5, 6, and 7 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

iv.      <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

v.      <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, Articles VI and VIII provides for (a) the revesting of the assets of the Estate in the Reorganized Debtors; (b) the continuation of bankruptcy case administration; (c) cash distributions to the holders of Allowed Claims in all Classes; (d) appointment of the Disbursement Agent; and (e) the contributions of

Dr. Canfield's salary to make payments owed under the Plan.

      vi.          <u>Selection of Post-Confirmation Managers</u>.  The identity and affiliations of White Tree Medical Consultants, LLC, which will serve as the Disbursement Agent, is properly disclosed in the Disclosure Statement and the Plan.  Thus, § 1123(a)(7) is satisfied.

      vii.          <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the rejection of executory contracts and unexpired leases, (b) provisions governing distributions on account of Allowed Claims, particularly as to the timing and calculation of amounts to be distributed, (c) establishing procedures for resolving Disputed Claims and making distributions on account of such Disputed Claims once resolved, and (d) provisions regarding the retention by this Court over certain matters after the Effective Date.  As such, the requirements of § 1123(b) are satisfied.

      viii.         <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtors as the proponents, thereby satisfying Bankruptcy Rule 3016(a).

    H.      <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtors complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

      i.          The Debtors are proper proponents of the Plan under § 1121(c).

      ii.          The Debtors complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of

the Court in transmitting the Plan, the Disclosure Statement, the ballots, related

documents and notices, and in soliciting and tabulating votes on the Plan.

I.      <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not

by any means forbidden by law and, therefore, complies with the requirements of

§ 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court

has examined the totality of the circumstances surrounding the filing of the Bankruptcy

Case and the formulation of the Plan.

J.      <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to

be made under the Plan for services or for costs and expenses in or in connection with

the Bankruptcy Case prior to the Effective Date, including all fees and expenses

incurred by Professionals, was approved by, or is subject to the approval of, the Court

as reasonable, thereby satisfying § 1129(a)(4).

K.      <u>Disbursement Agent of the Reorganized Debtor</u>.  The Plan and the

Disclosure Statement state that White Tree Medical (a/k/a White Tree Medical

Consultants, LLC) will serve as the Disbursement Agent for the Reorganized Debtors.

Its service is consistent with the interests of the holders of Claims and with public policy.

Therefore, the requirements of § 1129(a)(5) are satisfied.

L.      <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the

Confirmed Plan does not provide for any change in rates over which a governmental

regulatory commission has jurisdiction.

M.      <u>Best Interests of Creditors Test</u>.  The Plan satisfies § 1129(a)(7) with

respect to all Classes of Claims.  All Classes have either accepted the Plan, or will

receive property of a value, as of the Effective Date, that is not less than the amount

that such holder would so receive or retain if the Debtors' Estate was liquidated under chapter 7 on the Effective Date.  As such, § 1129(a)(7)(A) is satisfied.

N.      Acceptance by Certain Classes.  Under In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988), all Classes of Claims are deemed to accept the Plan.  As described in Section "W" below, the Plan also satisfies the "cram down" requirements as to all Classes of Claims.

O.      Treatment of Administrative Expense Claims and Priority Tax Claims.  The Plan satisfies the requirements of § 1129(a)(9).  Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P.      Acceptance by at Least One Impaired Class.  As set forth in the Ballot Tabulation Report [Docket No. 536], all Classes of impaired Claims are deemed to have accepted the Plan. Only one ballot was actually received by the Debtors, in Class 6, and that ballot voted in favor of the Plan. Therefore, the Debtors satisfy the requirements of § 1129(a)(10).

Q.      Feasibility.  The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtors.  The Court is satisfied that the Plan offers a reasonable prospect of success and is workable.  As such, the requirements of section 1129(a)(11) are satisfied.

R.      Payment of Fees.  All fees payable under 28 U.S.C. § 1930 have been paid, or will be paid on or before the Effective Date, pursuant to Section 2.2 of the Plan,

thereby satisfying § 1129(a)(12).

S.    <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtors are not obligated to pay any retiree benefits subject to § 1114.

T.    <u>No Domestic Support Obligations</u>.  The Debtors do not have any domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

U.    <u>1129(a)(15)</u>.  There are no outstanding objections by holders of Allowed Unsecured Claims.  As such § 1129(a)(15) is satisfied.

V.    <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W.    <u>Fair and Equitable; No Unfair Discrimination</u>.  All Classes of Claims are deemed to accept the Plan. There is no unfair discrimination between the Classes of Claims because there is a reasonable basis for the different treatment of each Class of Claims.  The Plan is fair and equitable to unsecured Claims (Classes 2, 3, 6 and 7) because the Plan satisfies the "Absolute Priority Rule," in that the Debtors are retaining no property of value under the Plan, and are paying under the Plan the value of all such Claims. The Plan is fair and equitable to Secured Claims (Classes 4 and 5) because the Plan that the holders of such claims retain the liens securing such Claims, to the extent of the Allowed amount of such Claims, and that each holder of a Claim of such Class receive on account of such Claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date, of at least the value of such

holder's interest in the Estate's interest in such property.  Accordingly, the Plan complies with the requirements of § 1129(b).

X.     <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case and no other plan has been, or will be, confirmed in this Case.  As such, the requirements of § 1129(c) are satisfied.

Y.     <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Z.     The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

AA.    In summary, the Confirmed Plan complies with, and the Debtors satisfy, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

 END OF DOCUMENT ------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION DATED MARCH 27, 2020 UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** should be served on the parties in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov**
- **L. Mark Ferre    mferre@mstar.net, mferre1974@gmail.com**
- **Nathan R. Firouzi    nfirouzi@agutah.gov, txbankrupt@utah.gov**
- **George B. Hofmann    ghofmann@ck.law, dhaney@ck.law;mparks@ck.law**
- **Virginia Cronan Lowe    Western.taxcivil@usdoj.gov**
- **John T. Morgan    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov**
- **Kevin V. Olsen    kvolsen@agutah.gov**
- **George W. Pratt    gpratt@joneswaldo.com**
- **Theodore Floyd Stokes    ted@stokeslawpllc.com**
- **Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, mparks@cohnekinghorn.com**
- **United States Trustee    USTPRegion19.SK.ECF@usdoj.gov**
- **Michael C. Walch**
- **Landon Yost    landon.m.yost@usdoj.gov, western.taxcivil@usdoj.gov**

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

/s/ Jeffrey Trousdale